MARGARET W. ALLIS ET AL., EX'RS, APPELLEES, V.
HENRY NEWMAN ET AL., APPELLANTS.

[FILED JANUARY 4, 1892.]

**Review.** The pleadings and evidence examined, and *held* to sustain the decree; and not to sustain the exceptions of either party, both of whom appealed.

APPEAL from the district court for Hamilton county. Heard below before NORVAL, J.

*Hainer & Kellogg,* and *J. H. Smith,* for appellants.

*R. S. Norval,* and *A. W. Agee, contra.*

COBB, CH. J.

This action was brought in the district court of Hamilton county by Edward P. Allis in the name and style of Edward P. Allis & Co., plaintiff, against Henry Newman, Emilie Arndt, and August Arndt, defendants. The object and purpose of the action, and the prayer of the petition, was to subject certain real property situated in Hamilton county, to-wit: the southwest quarter of section twenty-four (24), and the north half of the northwest quarter of section twenty-five (25), all in township eleven (11) north, of range five (5) west, of the sixth (6th) principal meridian, which had been conveyed by said defendants Emilie Arndt and August to the defendant Henry Newman, to a certain judgment theretofore obtained by the said plantiff in the district court of Seward county against the defendants Emilie Arndt and August Arndt, together with one Bertha Tiede and one Herman Tiede, defendants therein; that the said conveyance by the Arndts to Newman be adjudged fraudulent and void, and that said land be sold by or under the direction of the sheriff of Hamilton

county, and the proceeds of such sale applied to the satisfaction of the said judgment, etc.

The petition contains all the allegations usual in such cases. The defendant Henry Newman answered, and in his answer admitted that said Emilie Arndt and August Arndt are and have been, during all the time mentioned in plaintiff's petition, wife and sister and brother-in-law respectively to him the said Henry Newman. That on the 11th day of February, 1886, the said Emilie Arndt and August Arndt conveyed the premises described in plaintiff's petition to the said answering defendant. Further, that he denies each and every allegation in said petition contained, and not in his said answer theretofore admitted.

The said defendant further averred that on said 11th day of February, 1886, the said Emilie Arndt being the owner in fee simple of said lands, the answering defendant purchased the same of the said Emilie Arndt in good faith for a valuable consideration, and without any knowledge or notice of any indebtedness whatever owing by said Emilie Arndt and August Arndt, or either of them, to the plaintiff or other person, except as evidenced by the mortgages then on the said land, and that the defendant then and there paid said Emilie Arndt the full price for said lands, to-wit, the sum of $4,860, as follows: $1,300 by assuming said mortgages on said lands aggregating said amount, of which said mortgages defendant has since paid the sum of $100 in cash; $2,000 in a certain promissory note for said amount made by him, said answering defendant, in favor of said Emilie Arndt; and the remaining $1,400 in notes of other parties held by said defendant and turned over to said Emilie. Further, that at said time said Emilie Arndt and August Arndt, with their child, constituted one family; that of said premises the southwest quarter of section 24, in township 11 north, of range 5 west, was in fact the homestead of said Emilie Arndt and her said family where she was with them as such family, and actually resid-

ing thereon as such homestead, and that said premises so occupied as a homestead as aforesaid did not exceed 160 acres of land nor $2,000 in value over and above said mortgage, and that by reason of such occupancy the same was not subject to fraudulent sale and was exempt from judgment liens and from execution or forced sale; that said $4,800, paid as aforesaid, being the full value of said lands and thereupon and for said consideration, in good faith and without knowledge or notice of any indebtedness whatever owing by said Emilie Arndt or August Arndt, or either of them, to any person whomsoever except as evidenced by said mortgage, and without notice or knowledge of any fraud or intent to hinder, delay, or defraud any one, on the part of any persons, said defendant accepted and received from said Emilie Arndt and August Arndt, as wife and husband, a warranty deed of conveyance of said lands to him subject only to said mortgages assumed as aforesaid, which said deed was duly recorded.

For a further defense the said answering defendant further set out and alleged that the said Emilie Arndt never was in any way nor for any amount whatever indebted to the said plaintiff, nor did she ever enter into any contract whatever with the plaintiff, and the only claim or demand said plaintiff has, or ever had, against any of said parties mentioned in his petition, and the only debt ever in any way contracted, incurred, or in any way assumed by any of said persons in favor of the plaintiff, is under and by virtue of a certain written contract made and entered into on the 5th day of November, 1885, by and between the plaintiff on the one part and the firm of Tiede & Arndt, composed of said Herman Tiede and August Arndt, which said agreement and contract is in the words and figures following, to-wit:

"This indenture, made this fifth day of November, 1885, between Edward B. Allis, doing business under the firm name of Edward B. Allis & Co., of Milwaukee, Wiscon-

sin, party of the first part, and Herman Tiede and August
Arndt, composing the firm of Messrs. Tiede & Arndt,
Marysville, Nebraska, parties of the second part, witness-
eth: That the said party of the first part, in consideration
of three thousand seven hundred and eighty-three $\frac{87}{100}$
dollars to be paid to him by the parties of the second part,
at the time and in the manner hereinafter stated, agrees to
manufacture and furnish, at Milwaukee, Wisconsin, and at
the factory where made, all to be of good material and
workmanship, the following articles, to-wit: (Here follows
a list of mill machinery). The above specified machinery
and supplies to be of good material and workmanship and
loaded on board of cars at place of manufactory, at earliest
possible date, and said first party to secure best possible
freight rates. The parties of the second part agree to se-
cure party of the first part in deferred payments by first
mortgage on mill property, same to be free from any in-
cumbrance to secure party of first part wholly, and second
parties further agree to pay all freights to and cartage from
factory to mills; the party of the first part to furnish flow
sheets and plans for millwright work, and the said parties
of the second part hereby agree to pay for said articles, etc., as
follows, to-wit: Twelve hundred sixty and $\frac{26}{100}$ dollars
upon starting the mill, eight hundred forty and $\frac{89}{100}$
dollars one year from starting the mill, $840.89 two years
from starting the mill, $840.89 three years from starting
the mill. When said articles are completed and ready for
delivery the said parties of the second part shall execute
and deliver to said party of the first part notes for all
amounts on which time is to be given, payable at the time
above stipulated, bearing interest at the rate of ten per cent
per annum from date of starting the mill. All payments
to be made at Milwaukee, and the parties of the second
part hereby agree to pay all costs of exchange. If the
said parties of the second part shall neglect or refuse to
give the notes, as herein provided, on demand from said

party of the first part, then the whole amount shall become
due on such refusal, and shall be collectible the same as if
the goods had been ordered for cash.   The parties of the
second part agree to take out and maintain sufficient insur-
ance upon the property hereinbefore described, to fully pro-
tect the interests of the party of the first part in the same, and
to assign the said insurance to said first party, and to de-
liver the policies to said first party, and to keep said insur-
ance in full force and effect until all accounts due to said
party of the first part for said property and labor are paid
in full.   In case said party of the second part neglect
to effect such insurance within one week from the com-
mencement of the work under this contract, it is mutu-
ally agreed by the parties hereto that the party of the first
part may procure such insurance, and that the parties of
second part will refund to him such premiums as he may
be obliged to pay for the same.   The parties of the second
part agree to pay all expenses incurred in getting descrip-
tion of property, making and filing mortgages and liens,
and all other expenses incurred by the party of the first
part in perfectly securing the deferred payments; and the
parties of the second part also agree to pay all expenses of
foreclosure and collection.   And the parties of the second
part agree that in case they shall fail to pay any of said
notes or accounts when due, then all unpaid notes and
accounts shall become due and collectible at once, and that
the said second parties will waive all rights by reason of
said notes or accounts having had longer time to run before
due.   And said parties also agree that the taking by said
first party of said notes, shall not waive his right to a
mechanic's lien for said machinery and material.   It is
hereby agreed that said party of the first part is to use his
best endeavors to have said articles ready for shipment at the
time stated herein, and also that they shall be of the stated
quality; but he is not to be held liable for any pecuniary
damage in either case, except to make good any unmerchant-

able defect which may be proved to exist in such article when furnished. This contract is not binding upon said party of the first part until it has been accepted by him at his office in Milwaukee."

Signed by Hirman Tiede and August Arndt, and witnessed.

That on the 12th day of November, 1885, the said plaintiff, duly and in writing, accepted said contract in and by a certain letter written, directed, and sent by said plaintiff to the said Tiede and Arndt, which was in the words and figures following, to-wit: (the letter amounts only to a ratification of the foregoing agreement by the plaintiff).

That under said contract said plaintiff furnished and delivered to said Tiede and Arndt between the 12th day of November, 1885, and the 27th day of February, 1886, inclusive, divers and sundry materials and machinery to be used in the construction and repairing of the mill mentioned in said contract, but the exact nature and value thereof is unknown to the answering defendant. The debt thus and thereby incurred and contracted by said Herman Tiede and August Arndt, under the firm name Tiede & Arndt, is the identical debt for the satisfaction of which the said plaintiff seeks in this action to subject the lands of this defendant, as aforesaid sold and conveyed to him.

Said defendant further avers that said Emilie Arndt never was a member of said firm of Tiede & Arndt, nor did she at any time, nor in any manner whatever, have or claim to have any right, title, possession, or interest in or to any part of the property sold and delivered by the plaintiff to said Tiede & Arndt, nor was she in any way a party to said contract, nor did she ever authorize any one to make said contract in her behalf, and that in truth and in fact said contract was not made for her benefit, nor has she ever received anything thereunder, nor had she any knowledge whatever of the existence of said contract until long after said contract was made, and said Emilie Arndt

was in nowise consulted in regard to said contract, and never ·in any way exercised any control over any ·part of the property delivered under said contract or have anything to do therewith, and no part thereof ever came into her possession, nor was it the thought or intention of any of the parties thereto, at the time of making said contract or delivering any part of said property, to in any way bind the said Emilie Arndt thereby, or to look to her for the payment of the amount due the plaintiff thereunder.    Nor had said Emilie Arndt any notice or intimation whatever that plaintiff in any way looked to her for the payment of any part of his claim until long after said conveyance to this defendant.

He further alleges that neither at the time of making said contract, nor for a long time before said date, nor at any time since then, has said Emilie Arndt had or claimed to·have any right, title, possession, or interest, in or to any part of the lands whereon said mill was situated, nor in or to any lands whatever in Seward county, except her right of dower in said lands whereon said mill was situated, and that the legal title in and to said mill lands was at the time said contract was made in said August Arndt and Bertha Tiede, as was at the time fully disclosed by the deed records of said Seward county, where said mill lands were situated, as said plaintiff well knew.

That on the 27th day of February, 1886, the said plaintiff duly filed his account for said materials and machinery furnished under said contract, verified as required by law in cases where mechanics' liens are claimed, in the office of the county clerk of said Seward county, and thereby claimed a mechanic's lien on said mill and the lands whereon the same was situated, for the full amount claimed by the plaintiff under said contract, to-wit, the sum of $3,783.87, with ten per cent interest thereon from February 25, 1886, and caused the same to be duly recorded in Mechanics' Lien Record No. 2, of said county

at page 162 thereof. Said mill and real estate, whereon said plaintiff has and claims a mechanic's lien for the entire amount due him, is of the value of $8,000, and said mill is now being fully operated by said Bertha Tiede and Herman Tiede, and while the value of said property exceeds the said claim of the plaintiff, no proceedings have been instituted or had either at law or equity to enforce said lien against said mill and property, nor has the plaintiff in any way ever attempted to enforce any part of his said claim against said mill property although he has all along had knowledge of all the foregoing facts.

That on the 22d day of February, 1886, the said August Arndt duly sold his interest in said mill and mill property to said Bertha Tiede for value, and the said August Arndt and Emilie Arndt, as husband and wife, by the deed of that date duly conveyed said mill and mill property to said Bertha Tiede, which said deed was duly filed for record in the office of the county clerk of said Seward county on the 23d day of February, 1886, and by him duly recorded in Book W of the deed record of said Seward county, at page 229 thereof, and no transfer nor sale of said property nor any part thereof has since been made. That in and by the express terms of said deed said Bertha Tiede assumed and agreed to pay said claim and debt of the plaintiff as a part of the consideration for said sale and transfer. And that of all the foregoing facts and circumstances the said plaintiff at all times has had full and actual knowledge.

The said defendant, further answering, and still denying that the plaintiff ever obtained a judgment against said Emilie Arndt by him mentioned in his petition, avers that if the court should, on the proofs submitted, find that such judgment was in fact obtained, that the same is void and of no effect as against this answering defendant, for the reason that if the same was at all obtained it was so done by means of fraud and wholly without consideration as to said Emilie Arndt.

That the only order ever given to the plaintiff for the machinery mentioned in the pleading in this cause was and is the written agreement signed by Herman Tiede and August Arndt, and the letter of acceptance written said Tiede & Arndt by the plaintiff, and both set out in this answer; that said agreement and letter of acceptance constitute the contract for said machinery, and the contract upon which said machinery was actually furnished; that said Emilie Arndt was not indebted on said contract to said plaintiff, nor was she in any way a party to the same; that no reference was made to said contract, order, and letter of acceptance in the pleadings on which said pretended judgment is based, nor is it averred therein that the same was in writing; nor was the same in any way brought to the notice or knowledge. of said court; but on the contrary it is averred in said pleading that said order was given by Emilie Arndt and August Arndt, Herman Tiede and Bertha Tiede, although the said plaintiff well knew at the time that said Emilie Arndt and Bertha Tiede were not parties to said contract, and said judgment, if at all rendered, was so done on default of the defendants.

With prayer for judgment, etc.

The plaintiff, by reply to the above answer of the defendant Henry Newman, admitted that he made the account, and that items of machinery and mill furniture for the erection of the mill mentioned in defendant's amended answer, and after making oath thereto as required by law, he filed the same in the office of the clerk of Seward county, and claimed a mechanic's lien upon said mill and the real estate upon which the same was situated, as mentioned and described in said defendant's amended answer; but this plaintiff avers that at the time of filing the statement claiming said lien there then existed upon said property good and valid prior mortgages and liens amounting in the aggregate to over $3,000, together with interest and taxes due against said property, and that said mortgages and

liens were and are unpaid, and that the value of said mill property and real estate at the time of the recovery of the judgment, as stated in plaintiff's petition, did not exceed the sum of $3,800.

That plaintiff caused an execution to be issued upon the judgment mentioned and described in his petition in this action, and attempted to have said property sold thereunder, and that the prior liens, and judgments, and taxes against said property exceeded the amount and value of said mill property, and that the sale thereunder would have been to no purpose, and that the plaintiff could have realized nothing upon his said mechanic's lien.

That the said Emilie Arndt, defendant, was legally and equitably liable upon the indebtedness upon which said judgment was obtained; that the said machinery furnished for the construction of the said mill upon said property was furnished at her request and upon her promise and agreement to pay the same; and plaintiff avers that the title to the undivided one-half of said real estate at the time of the furnishing of said material and machinery stood of record in the name of said Emilie Arndt, and remained in her name till the 22d day of February, 1886, when the said defendants Emilie Arndt and August Arndt, her husband, joining her, fraudulently and without any consideration made, executed, and placed upon record a warranty deed to the said undivided half of said property to one Bertha Tiede, who was the daughter of the said Arndts; that said deed was made and placed upon record by the said Arndts to the said Bertha Tiede without her knowledge or consent, and for the purpose of placing said property out of the hands of said Arndts, and for the purpose of avoiding the payment to the plaintiff of his said claim for the mill machinery so sold and delivered for the construction and erection of said mill, and plaintiff denies that said Bertha Tiede in said deed or otherwise ever assumed or agreed to pay the claim and lien of this plaintiff,

except as she was legally bound to do, by reason of having at the time of the purchase of the same agreed to pay the same in connection with the said Arndts.

That at the time plaintiff recovered the said judgment against the said Emilie Arndt and August Arndt, Bertha Tiede and Herman Tiede, all the said defendants in said judgment were wholly insolvent, and the real estate mentioned in the said defendants' answer and situated in Seward county was insufficient to pay the prior legal valid and due liens upon said property; and plaintiff denies that at the time of the commencement of this action, or at any time since, that said real estate and mill property was sufficient in value to enable plaintiff to make and collect his said judgment or any part thereof, and that said plaintiff made due diligence to find property of said defendants in said judgment, or either of them, whereupon to levy and collect his said judgment.

And that plaintiff denies that the said Emilie Arndt had no claim or possession, right or title, or interest in and to the said lands and mill in Seward county at the time of making the contract for said machinery as alleged in said defendant's answer; but alleges that she was at the time in the possession of said property as tenant in common with the said Bertha and Herman Tiede, and that the said Emilie Arndt fully ratified and approved of the said contract for the purchase of said machinery, and accepted and received the same to be placed in the mill upon said property, and all of which was well known to the defendant Henry Newman at the time he took the deed to the real estate mentioned and described in said plaintiff's petition.

And that at the time of the making of the deed by the defendants Arndt to the defendant Newman the said Newman well knew and had actual knowledge of the indebtedness of the said Arndts and Tiedes to this plaintiff, and said Newman took the deed to the real estate in said petition described for the purpose of hindering, delaying,

and defrauding said plaintiff in the collection of his said claim against the said Tiedes and Arndts. And that the said defendant Newman paid no good or valuable consideration for said land.

That on the 1st day of March, 1887, this plaintiff and other lien-holders, in the district court of Seward county, obtained a foreclosure of their several and respective mortgages and mechanics' liens against the mill property and real estate mentioned and described in defendant's amended answer, amounting in the aggregate to the sum of $7,527.61, and which amount plaintiff avers greatly exceeds the value of said property. And that in said proceedings and decree the district court of Seward county appointed a receiver for said property and granted a stay of the order of sale thereunder for the period of nine months; that in said foreclosure one Luke Augur, who held a prior mortgage upon said property, obtained a decree for $1,536.95, bearing ten per cent interest from that date, and which said mortgage was made a lien prior to the lien of this plaintiff, and that said decree was stayed without security, and that upon the sale of said property under said decree the same will not bring enough to pay the lien against the same, nor will the same be sufficient to pay anything upon the claim or lien of this plaintiff, after paying the prior legal, valid lien, mortgages, taxes, costs, and expenses of foreclosure and sale; and plaintiff avers that said mill and the earnings thereof will not pay the expenses of running and operating the same during the period for which said decree is stayed.

The defendants Emilie Arndt and August Arndt, nor either of them, answered the said plaintiff's said petition, but both made default and their default was duly entered.

There was a trial to the court, which found the issues joined in favor of the plaintiff and against the defendants, and also found that at the date of said deed of conveyance from the said Emilie Arndt and August to the said

Henry Newman, mentioned in the plaintiff's petition, and covering the southwest quarter of section twenty-four and the north half of the northwest quarter of section twenty-five, all in township eleven north, of range five west, in Hamilton county, Nebraska, was made with the intent to hinder, delay, and defraud the plaintiff and other creditors of the said Emilie Arndt, of all of which said Henry Newman, defendant, had full knowledge at the time of receiving the said conveyance.

The court further found that at the time said conveyance was made the said real estate therein, and in the plaintiff's petition described, was of the value of $6,000, and that the said southwest quarter was then of the value of $4,000. The court further found that at the time said conveyance from the Arndts to Newman was made the said August Arndt and Emilie Arndt were husband and wife and constituted one family, and were then, and had been for a long time prior thereto, living upon and occupying the said southwest quarter as their home, and the same was their homestead; that shortly after such conveyance the said Emilie and August Arndt moved from said land and ceased to occupy the same as a homestead; that at the time of said conveyance there was a valid mortgage lien existing against said southwest quarter for the sum of $600 and to the extent of the value of $2,000, and pay the said mortgage lien thereon. The said quarter section was not subject to fraudulent alienation, but that the surplus of the said southwest quarter section over and above said sum of $2,000, and above the said mortgage lien of $600, is subject to the plaintiff's demand.

The court also found that at the time of said conveyance there was existing a valid mortgage lien upon the said north half of the northwest quarter for the sum of $700, and that the plaintiff is entitled to have said deed of conveyance set aside. The court also found there was due from the defendants Emilie and August Arndt to the

42

plaintiff on the judgment set forth in said petition the sum of $4,446.74, with ten per cent interest thereon from said date.

It was thereupon considered by the court that the deed described in the said petition from Emilie and August Arndt to the defendant Henry Newman, for the southwest quarter of section twenty-four and the north half of the northwest quarter of section twenty-five, in town eleven north, of range five west be, and the same was thereby, vacated, set aside, and annulled, and that said land should be subjected to the payment of the debt set forth in the petition, subject to the said mortgage thereon amounting to $1,300, and subject to the said sum of $2,000 which the defendant Henry Newman is entitled to, out of the proceeds of the sale of the southwest quarter, and that out of the proceeds of the sale of the southwest quarter there be first paid to the said Newman the said sum of $2,000, etc.

Each party excepted to the findings, judgment, and decree of the court, and the case comes to this court by appeal. The bill of exceptions was duly allowed and certified on the 2d day of January, 1888, but having become mislaid the record was not filed in this court until the 20th day of August, 1888. It was then filed and a notice of appeal issued by the defendant Newman. Afterwards a motion was made by the plaintiff for the dismissal of the appeal for the reason that the same was not made and filed in time, and that the defendants had failed to prosecute the said appeal. This motion, being supported and resisted by affidavits, was overruled and an opinion written thereon. (See *Allis v. Newman*, 29 Neb., 207.) This opinion was filed March 25, 1890. On the next day, March 26, the plaintiff having deceased and the cause having been revived in the name of his legal representatives, they made and filed their application for cross-appeal. No objection nor motion having been made to this paper, but the cause having been submitted and briefed without objection in

that regard, I think that the case must be considered as pending on cross-appeal as well as upon appeal.

The title to the land in controversy was, on and previous to the date of the conveyance to the answering defendant Henry Newman, in the defendant Emilie Arndt. At that date the indebtedness of the Arndts and the Tiedes was not in judgment, and if at that time Newman had no notice of such indebtedness and of the purpose of said Emilie Arndt in conveying said land to place the same out of the reach of her creditors, or of such facts as would put a prudent person upon such inquiry as would have led to a knowledge of such facts, and he bought the said lands in good faith and paid a fair and honest consideration therefor, then he would not be affected by the judgment afterwards recovered by the plaintiff against the Arndts and the Tiedes, including Emilie Arndt. But the indebtedness upon which this judgment was afterwards rendered, existed at that time and it had to be placed in judgment before any direct proceeding could be taken for its collection out of the lands of Emilie Arndt. It appears from the record that action was regularly commenced by the plaintiff against the defendants, the Arndts and the Tiedes, in the district court of Seward county; that a petition in due form, with all usual and necessary allegations, was filed and process was regularly issued and personally served upon each of the said defendants, and although they each made default, it appears by the record that the findings and judgment were made and rendered upon evidence given in court upon the petition and bill of particulars, by which it also appears that the indebtedness and cause of action involved therein arose and became vested between the 18th day of December, 1885, and the 22d day of January, 1886.

The defendant Newman in his answer makes a general denial of all the allegations of the plaintiff's petition not specifically admitted. Except in this way he does not deny

the indebtedness of the Arndts and the Tiedes to the plaint-
iff. Indeed, as I understand the answer, it virtually admits
the indebtedness on the part of August Arndt and Herman
Tiede, or rather takes the ground that the order for the
mill machinery having been signed only by August Arndt
and Herman Tiede that the defendant Emilie Arndt could
not be held responsible for the said indebtedness.

· It appears from the evidence that at the time of the
furnishing of the mill machinery by the plaintiff, which
constitutes his claim against the defendants, the mill, to-
gether with the land upon which the same is situated, was
owned by the said Emilie Arndt; that the mill was car-
ried on, operated, and the new machinery ordered from the
plaintiff and placed in said mill by the firm of Arndt &
Tiede, of which firm Mrs. Emilie Arndt was a partner;
that the said mill machinery was furnished to the said
partnership and placed in the said mill, by the plaintiff,
upon the contract and promise of the said firm to secure
the payment therefor by a first mortgage upon the said
mill property, but that there was other and prior mort-
gages, one or more, then existing and of record upon and
against said mill property, by which it was incumbered to
its full value; that a lien was filed by the plaintiff upon
said mill property for the amount and value of said ma-
machinery before the plaintiff ascertained or was advised
of the existence of said prior lien, when the plaintiff
brought the action against the said defendants, the Arndts
and the Tiedes, and recovered the judgment against them
for the amount and the value of the said machinery as
hereinbefore stated.

The contention on the part of the defendant that the
plaintiff cannot successfully attack the conveyance of the
land for the reason that he has another remedy, to-wit, the
sale of the mill property upon his lien, cannot be allowed,
because it is fully established by the evidence that the
liens upon the mill property prior and superior to the lien

of the plaintiff are sufficient to render his lien of little or no value.

The principal point made by the defendant Newman, and to which his counsel cites authorities in the brief, is that the indebtedness upon which plaintiff's judgment at law was recovered did not exist, as against the defendant Emilie Arndt as a valid indebtedness, at the time and date of her deed of the land to him. The law as contended for by counsel is not doubted, but the evidence does not sustain its application to the case. On the contrary, the evidence sufficiently proves that before any of the mill machinery was shipped by the plaintiff, the defendant Emilie Arndt had acknowledged to him, or his agent, that she was a member of the firm which had ordered it, and upon her promise to pay for said mill machinery, out of money to be borrowed by her upon the land in Hamilton county, which she afterwards conveyed to the defendant Newman, and that the delivery of said machinery was made by the plaintiff, and the indebtedness therefor on the part of the defendant Emilie Arndt arose before the date and time of the execution and delivery of the deed, and was then a legal as well as a moral obligation against the said Emilie Arndt.

It will be seen, by reference to the findings of the district court above copied, that it was found by the court that at the date of said conveyance the defendant Henry Newman had full knowledge that the same was made by the said grantors with the intent to defraud the creditors of the said Emilie Arndt, including the plaintiff. From an examination of the evidence I am satisfied that it fully sustains this finding. It appears from the evidence of John Arndt, Herman Platte, and A. W. Agee, that on the day before the one upon which the deed was executed by the Arndts to Newman, they, the Arndts and Newman, all being present at the office of Agee and Stevenson for the purpose of the execution of a deed from the Arndts to

John Arndt of the land in question, inquiry was made as to whether, in case of such conveyance being made, the land could be taken on debts owing by Emilie Arndt on account of the mill, and other conversation was had between the parties indicating conclusively that the object and purpose of the Arndts in making such conveyance was to place the land out of the reach of the creditors of Emilie Arndt, and especially out of the reach of her debts growing out of her mill transactions.

The defendant Newman was sworn as a witness in his own behalf, and examined at great length, especially as to the consideration which he paid for the land; but his evidence failed to show that he paid any adequate or fair consideration therefor.

The point is made by the defendant Newman that before proceeding by creditor's suit against Newman the plaintiff must have proceeded against the mill property in Seward county on which he had a lien, and also must have issued an execution to Hitchcock county, where the Arndts then resided. The record shows that executions were issued to Seward and Hamilton counties respectively, and severally returned "no property found whereon to levy." It also appears from the evidence that the mill property in Seward county was burdened with incumbrances and liens above its value, prior to the filing of the plaintiff's lien. It does not appear that any of the defendants had property in Hitchcock or any other county. There is evidence tending to prove that when the Arndts left Hamilton county they absconded. Under these circumstances it is not deemed necessary that process should have been issued to Hitchcock county.

As to the case made by the brief of the plaintiff on his cross-appeal, I think that he fails to show or point out wherein the decree is wrong. The evidence clearly establishes the homestead character of the quarter section of land, and the right thereto, in the Arndt family at the

time and date of the execution of the conveyance. They did not leave or abandon the land until after all the rights of their grantee, under the deed, had fully attached. These rights as between the parties to the deed are as expressed in that instrument, notwithstanding its fraudulent character as to the creditors of the grantors. While there is some evidence tending to prove that the transfer of the land was merely colorable, upon a secret trust that Newman would hold it for his sister's benefit, after she should abandon it, yet this evidence would not warrant us to so hold against the finding of the trial court.

The decree of the district court is

AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., did not sit.